# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SOUTHERN POVERTY LAW CENTER,<br>400 Washington Avenue<br>Montgomery, AL  36104,<br><br>and<br><br>AL OTRO LADO, INC.,<br>1200 N. State #1008<br>Los Angeles, CA  90033,<br><br>   Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>Office of the General Counsel<br>245 Murray Lane, SW<br>Mail Stop 0485<br>Washington, DC 20528-0485<br><br>and<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br>1300 Pennsylvania Avenue, N.W.<br>Washington, DC  20229,<br><br>   Defendants. | Civil Action No.<br><br>JURY DEMANDED |

## COMPLAINT FOR INJUNCTIVE RELIEF

  1. Plaintiffs Southern Poverty Law Center ("SPLC") and Al Otro Lado ("AOL") bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for injunctive and other appropriate relief to compel the disclosure and release of documents from Defendants U.S. Department of Homeland Security ("DHS"), and DHS' component agency, U.S. Customs and Border Protection ("CBP") (collectively, "Defendants").

2. On May 31, 2019, SPLC and AOL submitted a FOIA request to DHS and CBP seeking specific information related to CBP's restriction of unaccompanied noncitizen children's entry and subsequent screening and processing at or near ports of entry or in between ports of entry at the U.S.–Mexico border from May 2018 to the present and tactics used to intimidate and discourage adults, including attorneys, who assist and provide legal representation to such children ("the Request"). *See* Ex. 1.

3. Nearly six months have passed since SPLC and AOL submitted the Request. To date, Defendants have failed to produce a single document in response to the Request and have ceased communicating with SPLC and AOL regarding the status of that Request despite overtures from Plaintiffs. In short, Defendants have wholly failed to comply with their obligations under FOIA. SPLC and AOL file this lawsuit to compel the production of the documents and information they seek.

4. The FOIA request involved in this case is particularly urgent because Defendants' delay and denial of unaccompanied noncitizen children's entry into the United States, about which SPLC and AOL seek information through the Request, threaten the lives of hundreds of children living precariously in dangerous border cities along the U.S.-Mexico border.

## PARTIES

5. Plaintiff SPLC is a non-profit organization dedicated to fighting hate and bigotry and to seeking justice for the most vulnerable members of our society. Through the use of public education, litigation, and other forms of advocacy, SPLC works toward a vision of equal justice and equal opportunity. SPLC has a longstanding commitment to defending the rights of immigrants, and it provides free legal representation to immigrants who have suffered violations of their civil rights. SPLC submitted the Request that is the subject of this action and is a "person" within the meaning of 5 U.S.C. § 551(2).

6. Plaintiff AOL is a bi-national organization with staff in California and Mexico that advocates for and assists migrants and asylum seekers including unaccompanied noncitizen children and provides support to volunteers in Mexican cities along the U.S.-Mexico border who

are helping unaccompanied migrant children in those cities. AOL's work has become much more difficult and costly because of the government policies and practices described herein. AOL submitted the Request that is the subject of this action and is a "person" within the meaning of 5 U.S.C. § 551(2).

7. Defendant DHS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). DHS is the executive department responsible for enforcing federal immigration laws and is an agency of the United States. On information and belief, DHS (whether for itself or via its component agency, Defendant CBP) has possession of and control over the documents and information requested by SPLC under FOIA.

8. Defendant CBP is a component agency of DHS and an "agency" within the meaning of 5 U.S.C. § 552(f)(1). CBP is the component agency of DHS responsible for the management and control of the United States' borders. CBP has possession of and control over the documents and information requested by SPLC under FOIA.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1346. This Court also has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

10. This Court has personal jurisdiction over each of the Defendants because each Defendant is conducting business and maintaining operations in this District.

11. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B), which provides for the hearing of FOIA cases in, among other proper venues, the district in which responsive records may be found, and in the District of Columbia.

12. Injunctive relief is proper under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

13. Any member of the public may request records from an agency of the United States under FOIA. An agency that receives a FOIA request must respond in writing to the requestor within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i). In its

response, the agency must: inform the requestor as to whether it intends to comply with the request; provide reasons for its determination; and inform the requestor of his or her right to appeal the determination. *Id.* at § 552(a)(6)(A)(i). FOIA provides for an extension of this deadline "[i]n unusual circumstances" but limits this extension to "ten working days." *Id.* at § 552(a)(6)(B)(i).

14. Defendants may respond to FOIA requests on an expedited basis if DHS determines that the requestor meets any one of four criteria related to imminent threats to life and physical human safety, an urgency to inform the public about an actual federal government activity, the loss of substantial due process rights, or a matter of widespread media interest. 6 C.F.R. § 5.5(e). A component agency is required to notify the requestor of its decision regarding expedited processing within 10 days of receipt of the request for expedited processing. *Id.* at § 5.5(e)(4).

15. A FOIA requestor is deemed to have exhausted all administrative remedies if the agency fails to comply with the request within statutory time limits. 5 U.S.C. § 552(a)(6)(C)(i).

16. FOIA requires an agency to disclose in a timely manner, in response to a FOIA request, all records that do not fall within nine narrowly construed statutory exemptions. 5 U.S.C. § 552 (a)(3)(A); 5 U.S.C. § 552(b)(1)-(9). FOIA also requires an agency to make a reasonable search for responsive records. 5 U.S.C. § 552(a)(3)(C).

17. Upon a requestor's complaint, a district court has jurisdiction to enjoin an agency from withholding records and to order production of records subject to disclosure. 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

18. Beginning at least as early as May 2018, the United States began to deny entry to significant numbers of unaccompanied noncitizen children at ports of entry on the U.S.-Mexico border. The Government's practices evolved somewhat over the next months, but it continued to restrict entry severely, especially to unaccompanied noncitizen children who were unattended by a personal advocate. CBP officials restricted entry in numerous ways, including but not limited

to requiring unaccompanied noncitizen children to present themselves at a port of entry with adult advocates, asking additional questions of such children at ports of entry, instituting a system of metering to regulate the flow of such children, physically restraining such children, requesting Mexican officials to remove such children from the port of entry, and treating children of African or Haitian descent differently than their non-African or non-Haitian peers, among other practices. The U.S. government, through CBP, also began illegally returning unaccompanied noncitizen children who had crossed the border between ports of entry back to Mexico, in violation of the Trafficking Victims Protection Reauthorization Act.

19. CBP's new practices significantly reduced the number of unaccompanied noncitizen children entering the United States and resulted in CBP's denial of entry to the United States to many such children.

20. CBP also began targeting non-migrant adults assisting unaccompanied noncitizen children, with the apparent intent to intimidate such adults, to discourage their assistance, and to make it more difficult for attorneys to track and locate children's status and whereabouts once they entered the United States.

**THE FOIA REQUEST**

21. On May 31, 2019, SPLC and AOL submitted their joint FOIA request to DHS and CBP. The Request, assigned Case Number CBP-2019-056793, was targeted and detailed. It made a series of requests for specific information regarding five related issues: (1) the entry and processing of unaccompanied noncitizen children at or near ports of entry or in between ports of entry at the U.S.–Mexico border from May 2018 to the present; (2) the physical restraint of such children in ports of entry; (3) children who presented themselves at the San Ysidro port of entry on certain dates between May 6, 2018 to May 26, 2019 and who were denied entry; (4) attorneys' requests for information relating to their unaccompanied noncitizen child clients; and (5) communications regarding four employees of AOL. A copy of the Request is attached as Exhibit 1 to this Complaint. Ex. 1.

22. Specifically, SPLC and AOL first seek information related to standards governing whether CBP will screen or interview a unaccompanied noncitizen child at a port of entry on the U.S.-Mexico border or at a land border in between ports of entry; under what conditions CBP may turn away or delay the entry of such children; policies, procedures and guidelines relating to screening, inspection or processing of such children including certain listed practices; communications relating to these practices; communications related to inquiries from Oregon Senator Jeff Merkley regarding the screening, inspection or processing of such children; cooperation between CBP personnel and Mexican government officials regarding the arrival and processing of such children; cooperation between CBP and private security organizations regarding the arrival and processing of such children; and training materials used to instruct CBP personnel on screening, inspection and processing of such children. *Id.* at 2-5.

23. Second, SPLC and AOL seek records from CBP or DHS related to incidents in which unaccompanied noncitizen children were handcuffed or physically restrained at a port of entry. *Id.* at 5.

24. Third, SPLC and AOL seek records related to unaccompanied noncitizen children who presented themselves at the San Ysidro port of entry on certain dates between May 6, 2018 to May 26, 2019 and who were denied entry by CBP. *Id.* at 5-6.

25. Fourth, SPLC and AOL seek CBP or DHS communications from May 2018 to the present relating to policies, practices and/or procedures used to respond to attorneys who request A-numbers and other information on behalf of their unaccompanied noncitizen child clients with a completed G-28 Notice of Entry of Appearance as Attorney attached. *Id.* at 6.

26. Fifth, SPLC and AOL seek records related to communications of CBP and or DHS to or from or within or among CBP personnel relating to the following current and former employees of AOL: Jessica Fuller, Rebecca Title, Erika Pinheiro and Nicole Ramos. *Id.* at 6.

27. SPLC and AOL requested a waiver of all fees for the Request because disclosure of the requested information was in the public interest and not in SPLC's or AOL's commercial interest. *Id.* at 7; *see* 5 U.S.C. § 552(a)(4)(A). Numerous news accounts and reports by human

6

rights organizations reflect the strong and sustained public interest in the records SPLC and AOL seek. The records sought in the Request will significantly contribute to public understanding of the operations or activities of the government with regard to unaccompanied noncitizen children. *See id*. § 552(a)(4)(A)(iii). In the alternative, SPLC and AOL requested a limitation on fees pursuant to 6 C.F.R. § 5.11(d). Ex. 1 at n. 6.

28. SPLC and AOL also sought expedited processing of their request by DHS and CBP, and provided a detailed explanation of why the Request satisfies all four of DHS's requirements for expedited processing relating to imminent threats to life and physical human safety, an urgency to inform the public about an actual federal government activity, the loss of substantial due process rights, and a matter of widespread media interest under 5 U.S.C. § 552(a)(6)(e) and 6 C.F.R. § 5.5(e). *See* Ex. 1 at 10-11. Among other bases for expedited processing, SPLC and AOL highlighted the deaths of "two Honduran migrant teenagers, who were waiting in Tijuana for the opportunity to seek asylum in the United States, [and who] were stabbed, strangled, and murdered" in late 2018 and explained that "[t]o the extent any delays in inspection and processing . . . are due to U.S. government policy, that policy would be responsible for the imminent threats [to life or physical safety] such children are facing." *Id*. Moreover, SPLC and AOL emphasized that unaccompanied noncitizen children at ports of entry or on the border "have rights under the Trafficking Victims Protection Reauthorization Act and other federal statutes, and as such they have corresponding constitutional due process rights" and that immediate release of records was necessary to protect these children's rights. *Id.* at 11.

29. By letter dated June 3, 2019 (the "Acknowledgment Letter"), CBP acknowledged that it had received the Request. This letter is attached hereto as Exhibit 2. The Acknowledgment Letter did not respond to SPLC's or AOL's request for a waiver or invoke the 10-day extension option as provided in the FOIA statute.

30. Despite the well-documented dangers unaccompanied children face while they wait in border cities to present their asylum case at ports of entry, the deadline for the agencies'

decision regarding expedited processing of the Request came and went on June 10, 2019 without any decision. *See* 6 C.F.R. 5.5(e)(4).

31. By email on June 10, 2019, Defendants through a generic administrative email account informed SPLC and AOL that their request for a fee waiver was "not applicable as the request is not billable." That email is attached hereto as Exhibit 3.

32. By a second letter dated June 11, 2019, CBP informed SPLC and AOL that part 7 of their request regarding "cooperation, collaboration, or other interaction of CBP personnel with private security organizations" was "too broad in scope". This letter is attached hereto as Exhibit 4 ("June 11 Letter"). This letter explained that CBP "sends numerous email correspondence to private security organizations when an unaccompanied child is apprehended/encountered. In its present state, a search for records could potentially return a massive amount of documents." CBP further advised that "[i]n order for us to more efficiently process your request please consider narrowing the timeframe of interest as well as provide specific keywords or specifics regarding the type of correspondence you are seeking." Ex. 4 at 1. CBP assured SPLC and AOL, however, that its letter was "not a denial of [their] request for records."

33. While SPLC and AOL did not agree with CBP's assessment that part 7 of the Request was overly broad or burdensome, in response to CBP's June 11 Letter, SPLC and AOL agreed to revise and limit the scope of part 7 of their FOIA request. Their letter to CBP containing the revised request is attached hereto as Exhibit 5. Part 7, as revised, now requests in sum: correspondence between CBP and any private security company, including but not limited to Paragon Security and VAPE, regarding unaccompanied noncitizen children at or near a port of entry on the U.S.-Mexican border who had not yet been allowed by CBP to enter the port of entry from November 2018 to May 2019. Ex. 5 at 2.

34. As of the filing of this Complaint, SPLC and AOL have received no further correspondence from CBP or DHS, including whether either agency has identified and/or intends to disclose any records responsive to the Request.

35.     As of the filing of this Complaint, a search for the Request's tracking number (CBP-2019-056793) on the "FOIAOnline" website[1] indicates that SPLC and AOL submitted their Request on May 31, 2019, that the description of the Request is "under agency review," and that the Request itself is in the "Processing" phase with an estimated date of completion of July 1, 2019, more than four months ago.

36.     Based on the May 31, 2019 submission date reflected in the FOIAOnline database, <u>CBP was required to respond to the Request on or before June 28, 2019.</u>

37.     As of the filing of this Complaint, neither CBP nor DHS has produced any documents or records responsive to the Request.

38.     Based on the foregoing, CBP has constructively denied the Request.

## <u>COUNT I</u>

### (Violation of FOIA, 5 U.S.C. § 552)

39.     SPLC and AOL re-allege and incorporate by reference all the foregoing paragraphs in this Complaint as though fully set forth herein.

40.     Defendants have violated FOIA, 5 U.S.C. § 552(a)(3)(A), by failing to promptly release agency records in response to SPLC's and AOL's Request.

41.     Defendants have violated FOIA, 5 U.S.C. § 552(a)(3)(C)-(D), by failing to make reasonable efforts to search for records responsive to SPLC's and AOL's Request.

42.     Defendants have violated FOIA, 5 U.S.C. § 552(a)(6)(A), by failing to timely respond to SPLC's and AOL's Request.

43.     Defendants have violated FOIA, 5 U.S.C. § 552(a)(6)(e) and corresponding regulations, by failing to grant SPLC's and AOL's request for expedited processing.

44.     Because Defendants have failed to comply with the FOIA time-limit provision, SPLC and AOL are deemed to have exhausted their administrative remedies under 5 U.S.C. §

---

[1] https://www.foiaonline.gov/foiaonline/action/public/home.

552(a)(6)(C)(i). Defendants have refused to produce records—or even to update SPLC and AOL as to the status of the Request—despite multiple attempts by SPLC and AOL to follow up.

45. Injunctive relief is authorized under 5 U.S.C. § 552(a)(4)(B) because Defendants continue to improperly withhold agency records in violation of FOIA. SPLC and AOL will suffer irreparable injury from, and have no adequate remedy at law for, Defendants' illegal withholding of government documents subject to SPLC's and AOL's Request.

46. SPLC and AOL seek expedited processing of this proceeding pursuant to 28 U.S.C. § 1657 (explaining that a court "shall expedite the consideration of . . . any other action if good cause therefor is shown. For purposes of this subsection, 'good cause' is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit.").

## PRAYER FOR RELIEF

For these reasons, Plaintiffs Southern Poverty Law Center and Al Otro Lado ask that the Court grant the following relief:

A. Enjoin and order Defendants to immediately process and release all records responsive to the Request;

B. Award SPLC and AOL their costs and reasonable attorneys' fees incurred in this action; and

C. Grant such other relief as the Court may deem just and proper.

Dated: November 14, 2019                Respectfully submitted,

By: /s/ John T. Bergin
John T. Bergin (DC Bar #448975)
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, N.W., Suite 900
Washington, DC  20005
Email: JBergin@kilpatricktownsend.com

Tel:  (202) 481-9942
Fax:  (202) 204-5622

Jon Michaelson (*Pro Hac Vice forthcoming*)
Email: jmichaelson@kilaptricktownsend.com
Mansi H. Shah (*Pro Hac Vice forthcoming*)
Email: mansi.shah@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, CA 94025
Tel: (650) 326-2400
Fax: (650) 326-2422

Claire R. Newman (*Pro Hac Vice forthcoming*)
Email: cnewman@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Tel: (206) 467-9600
Fax: (206) 623-6793

Adam Wiley (*Pro Hac Vice forthcoming*)
Email: awiley@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
9720 Wilshire Blvd PH
Beverly Hills, CA 90212-2018
Tel: (310) 777-3733
Fax: (310) 388-5804

Sara J. Bradford (*Pro Hac Vice forthcoming*)
Email:  sbradford@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO  80202
Tel:  (303) 607-3230
Fax:  (303) 648-4730

*Attorneys for Plaintiffs*